UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Brandon Adkins*, 7:20cv012 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This matter is before the Court on Defendants' Motion for Judgment as a Matter of Law ("JMOL") under Federal Rule of Civil Procedure 50(a) on all of Plaintiff Brandon Adkins' claims on statute of limitations grounds. Additionally, Defendants argue that the evidence is insufficient for a reasonable jury to find for Adkins on his fraud claims.[1] On consideration, the motion is denied.

## I.   Legal Standard

JMOL is appropriate where a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1177 (11th Cir. 2005) (citing Fed. R. Civ. P. 50(a)).  When considering such a motion, a court must "review the entire record, examining all the evidence, by whomever

---

[1] The Court has already found, on the record during oral argument, there was a sufficient evidentiary basis for a jury to find for Adkins on the elements of his failure to warn claims. Defendants did not challenge the evidentiary basis for Adkins' design defect claim.

presented, in the light most favorable to the nonmoving party, and drawing all reasonable inferences in the nonmovant's favor." *Id*. In doing so, the court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A motion for JMOL should be granted "only if the facts and inferences point so overwhelmingly in favor of the [moving party] that [a] reasonable [jury] could not arrive at a contrary verdict." *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 656 (11th Cir. 1998).

## II.   Statute of Limitations

Defendants argue that all of Adkins' claims are barred by the statute of limitations. Under Washington law, both products liability and fraud actions are subject to a three-year statute of limitations. *See* Wash. Rev. Code Ann. §§ 7.72.060 (product liability), 4.16.080 (fraud). The limitations period begins to run when the plaintiff's cause of action accrues, which typically occurs when the plaintiff suffers injury or damage. *See Giraud v. Quincy Farm & Chem.*, 6 P.3d 104, 109 (Wash. App. 2000). However, in cases like this one, where a plaintiff "could not [have] immediately know[n] [] the cause [his] injuries," courts may apply a discovery rule that tolls the date of accrual until the date the plaintiff discovered, or in the exercise of due diligence should have discovered, all of the facts constituting the essential elements of his claim. *See In re Estates of Hibbard*, 826 P.2d 690, 750 (Wash. 1992);

*see also Goad v. S.A. Woods Mach. Co.*, 77 F.3d 488, 1996 WL 65273, at *2 (9th Cir. 1996) (applying Washington product liability law); *Young v. Savidge*, 230 P.3d 222, 230 (Wash. App. 2010) (fraud). Whether the plaintiff knew or should have known the facts constituting his claims within the applicable limitations period normally is an issue of material fact to be resolved by a jury. *Clare v. Saberhagen Holdings*, 123 P.3d 465, 467 (Wash. App. 2005). However, the question may be decided by a court as a matter of law where "reasonable minds can reach but one conclusion" from the facts. *See Allen v. State*, 826 P.2d 200, 204 (Wash. 1992); *Giraud*, 6 P.3d at 109.

Here, the parties agree that Defendants prevail on the statute of limitations defense if Adkins discovered, or should have been able to discover, the factual basis for his claims before June 16, 2016. Defendants argue that Adkins should have discovered it—and would have, with the exercise of due diligence—by 2009, at the latest. By that time, they maintain, Adkins admittedly knew he was experiencing tinnitus and hearing loss, and that the CAEv2 had previously fallen out of his ears. In their view, those facts put Adkins on notice of his injury and that he had "been harmed," triggering the statute of limitations and/or a "duty to investigate" the cause of his injury, which he did not do.

The problem with Defendants' argument is that it ignores two critical components of Washington's discovery rule: (1) a plaintiff can only be charged with

notice of facts that "a reasonable or diligent inquiry *would have discovered* at the time," *see Saberhagen*, 123 P.3d at 467-68 (emphasis added); and (2) facts causally connecting a product to an injury are an essential element of the factual basis for a product liability claim for statute of limitations purposes, *see N. Coast Air Servs., Ltd. v. Grumman Corp.*, 759 P.2d 405, 411 (Wash. 1988) (holding that a product liability action does not accrue until the plaintiff discovers, or in the exercise of due diligence should have discovered, a "causal relationship [between] the product [and] the harm").

To begin with, a reasonable jury could readily conclude there were no available facts causally connecting the CAEv2 with hearing injuries in 2009. Indeed, Dr. Marc Bennett testified that the earliest year that Adkins "could have possibly discovered" this information was 2018, when the relevant records became public. *See* Adkins Trial Transcript dated Sept. 24, 2021 at 61-62. Viewing the evidence in the light most favorable to Adkins, which the Court must do at this stage, *Ledbetter*, 421 F.3d at 1177, even the most diligent of inquiries could only have revealed the fact of his hearing injuries before that time. And according to Adkins, he did discuss those injuries with a doctor. But there is no evidence that any doctor, much less Adkins, did or could have causally connected his hearing injuries with an imperceptible loosening defect in the CAEv2. Consequently, a jury could reasonably conclude that Adkins exercised diligence that was reasonable under the

circumstances in 2009, and that no diligent inquiry would have uncovered the possibility that the CAEv2 caused his alleged injuries until 2018.

The same is true for Adkins' fraud claims. "A fraud action accrues when the aggrieved party discovers, or in the exercise of due diligence should have discovered, the fact of fraud, and sustains some damage as a result." *Savidge*, 230 P.3d at 230. On this record, a jury could reasonably conclude there is no evidence that Adkins—or anyone else outside of 3M, for that matter—could have discovered with due diligence the alleged facts constituting fraud before June 16, 2016.

Based on the foregoing, the Court finds cannot find as a matter of law that Adkins, in the exercise of due diligence, could have discovered the facts constituting the essential elements of his products liability and fraud claims before June 16, 2016. Therefore, Defendants' JMOL on statute of limitations grounds is denied.

### III. Fraud Claims

Defendants argue that Adkins' fraud claims fail because he has not shown that he reasonably relied on any of Defendants' affirmative misrepresentations (fraudulent misrepresentation; fraud and deceit) and because there was no special relationship between Defendants and Adkins giving rise to a duty to disclose (fraudulent concealment). This is incorrect.

As the Court explained in denying Defendants' motion for summary judgment on Adkins' fraud claims, Adkins has raised a triable issue of fact as to whether he

reasonably relied on Defendants' affirmative representations regarding the CAEv2. *See* ECF No. 58 at 4. Under Washington law, one who makes a fraudulent misrepresentation is subject to liability to the "persons or class of persons *whom he intends or has reason to expect to act* . . . upon the misrepresentation," including when "the misrepresentation, although not made directly to the other, *is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct in the transaction* or type of transaction involved." *Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1032, 1070 (Wash. 1987) (en banc) (quoting Restatement (Second) of Torts §§ 531, 533 (Am. L. Inst. 1977)). There is ample record evidence from which a reasonable jury could find that Defendants affirmatively misrepresented information regarding the CAEv2 to the military and that the military repeated those misrepresentations or communicated their substance to Adkins. In particular, Adkins testified that he received written instructions from the military when he was issued the CAEv2 before deploying to Afghanistan in 2005 or 2006. *See* Adkins Trial Transcript at 134, 137. Although Adkins does not recall the precise language of those written instructions, he understood that the yellow end of the CAEv2 was safe to use at the gun range and would "block out dangerous sounds while being able to hear others around [him]," and the green end was for "constant dangerous sounds." *See id*. at 135. He testified that he "wore [his] CAEv2

all the time," but was never told to roll back its flanges, never did so, and never saw anyone else do so. *Id.* at 136. Given the record evidence of what the military knew and was communicating to soldiers about the CAEv2 at that time (via written and oral instructions, for example), a jury could reasonably infer that Adkins received and reasonably relied on the affirmative misrepresentations that Defendants made to the military. Therefore, JMOL on the fraudulent misrepresentation and fraud and deceit claims is denied.

There is also a triable issue of fact as to whether Defendants satisfied the duty to close they owed to. "[U]nder Washington law, when a 'manufacturer has superior information regarding defects that are not readily ascertainable to customers, it has a duty to disclose that information." *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1280 (W.D. Wash. 2020); *see also Zwicker v. Gen. Motors Corp.*, No. C07-0291, 2007 WL 5309204, at *2 (W.D. Wash. July 26, 2007) ("Such a duty exists 'where a seller has knowledge of a material fact not easily discoverable by the buyer.'") (quoting *Colonial Imports, Inc. v. Carlton Nw., Inc.*, 853 P.2d 913, 917 (Wash. 1993)). Just as the Court found at summary judgment, *see* ECF No. 58 at 6-7, a reasonable jury could find that Defendants failed in their duty to disclose to Adkins based on the record evidence of (1) the intrinsic quality of the alleged defects in the CAEv2 (as reflected in Defendants' own internal documents) and (2) Defendants' alleged intentional concealment of those defects from members of the

military, including Adkins. *See Short*, 444 F. Supp. 3d at 1280. Moreover, whether Adkins relied on Defendants' silence to his detriment is also a question. *See Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 799 P.2d 250, 262 (Wash. 1990). Therefore, JMOL on the fraudulent concealment claim is denied.

Based on the foregoing, Defendants' motion for judgment as a matter of law is **DENIED** as to all of Adkins' claims.

**SO ORDERED**, on this 30th day of September, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**